IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDNA GOODMAN                                                                PLAINTIFF

vs.                                      Civil No. 6:18-cv-06027

ANDREW SAUL[1],                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Edna Goodman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background**:

Plaintiff protectively filed her applications for DIB and SSI on February 13, 2015.  (Tr. 149)[2].  In his applications, Plaintiff alleged being disabled due to fibromyalgia, depression, and arthritis, with an alleged onset date of January 1, 2015.  (Tr. 149, 420).  These applications were denied initially and again upon reconsideration.  (Tr. 149).  Plaintiff requested an administrative

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
[2] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

hearing and that administrative hearing was held on August 25, 2016. (Tr. 166-221). Two days prior to the hearing, Plaintiff submitted a pre-hearing memorandum in which she reported she was still waiting for some medical records she had requested, and requested the record be left open 30 days post-hearing to allow for the submission of a post-hearing argument regarding vocational issues. (Tr. 495). At the hearing, Plaintiff was present and was represented by attorney Christopher Hart. (Tr. 149, 166-221). Plaintiff, Plaintiff's witness, and a Vocational Expert ("VE") testified at the hearing. *Id.* At the hearing, the ALJ acknowledged Plaintiff's request that the record be left open for 30 days and granted that request. (Tr. 169). The ALJ did not specify that the record would be left open only for medical records. (Tr. 166-221).

On September 26, 2016, 32 days after the hearing, Plaintiff submitted a post-hearing memorandum objecting to both the qualifications and testimony of vocational expert Elizabeth Clem, and submitted evidence supporting her argument, including the resume and opinion of another vocational expert, Paula Santagati. (Tr. 497-526).

Following the hearing, on November 18, 2016, the ALJ entered an unfavorable decision. (Tr. 146-65). In his decision, the ALJ notes the post-hearing memorandum and attached documents. (Tr. 149). The ALJ noted both that Plaintiff failed to raise her objections at or before the hearing, and held they were therefore waived and, alternatively overruled them for being without merit. *Id.*

The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2019. (Tr. 151, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 151, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease,

affective disorder, anxiety disorder, and marijuana abuse. (Tr. 151-52, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings:"). (Tr. 153-54, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 154-58, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and carry twenty pounds occasionally and ten pounds frequently. She can stand and walk for six hours in an eight-hour day for one-to-two hours at a time without interruptions. She can sit for six hours in an eight-hour day. She can occasionally climb, stoop, kneel, crouch, and crawl. She is limited to unskilled rote activities. She can understand, remember, and follow concrete instructions. She can have superficial contact with coworkers and the public.
> *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 158, Finding 6). The ALJ determined Plaintiff was not capable of performing any of her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 159-60, Finding 10). The ALJ based this determination upon the testimony of the VE at the administrative hearing. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a cashier II with approximately 1,600,000 such jobs in the nation, or an assembler with approximately 200,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the

Act, from her onset date of January 1, 2015, through the date of his decision. (Tr. 160, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 384-85). The Appeals Council denied this request for review. (Tr. 1-4). On March 9, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs, and Plaintiff filed an additional reply brief. ECF Nos. 12, 15, 16. This case is now ready for decision.

**2.** **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in relying on vocational expert testimony to fulfill his step 5 burden without properly addressing Plaintiff's objections to that testimony including outcome-determinative rebuttal evidence. ECF No. 12, p. 2. More specifically, Plaintiff argues that she had a constitutional right to cross-examine witnesses, present evidence, and confront evidence against her. *Id.* Plaintiff also argues that the ALJ erred by failing to mention outcome-determinative rebuttal evidence. *Id.* In response, Defendant argues the ALJ gave Plaintiff ample opportunity to question the vocational expert at the administrative hearing, and Plaintiff did in fact cross-examine the vocational expert. ECF No. 15, pp. 7-8. Defendant further argues the ALJ properly addressed Plaintiff's post-hearing memorandum and was not required to specifically discuss any specific piece of evidence nor was he required to provide a detailed explanation of his denial of Plaintiff's objections. *Id.*, pp. 10, 13.

In this case, Plaintiff had the opportunity to cross-examine the vocational expert at the administrative hearing. (Tr. 166-221). She did not raise any objections to the vocational expert's testimony at the hearing, nor did she provide vocational evidence from an alternative vocational expert before the hearing. *Id.* The ALJ granted her request to leave the record open to allow her to present post hearing argument regarding vocational issues and additional medical

evidence for 30 days after the hearing, but Plaintiff did not submit any evidence until 32 days after the hearing.   (Tr. 169, 497-526).

Plaintiff cites *Thomas v. Berryhill*, No. 5:17-CV-00100-JTK, 2018 U.S. Dist. LEXIS 118084 at *4(E.D. Ark. July 16, 2018) in support of her argument that the ALJ erred in failing to more thoroughly address her post-hearing objections. In that case, the Court held the ALJ erred by failing to give proper consideration to subsequently filed evidence. In *Thomas v. Berryhill*, the post-hearing evidence was similar to this case, consisting of arguments and evidence from his own VE.   However, it is important to distinguish that in that case objections were raised at the hearing, and then again in a post-hearing memorandum. Here, Plaintiff made no objections at the hearing. (Tr. 183-221).   Further, in the present case, the ALJ granted Plaintiff 30 days post-hearing to provide argument and vocational evidence, but Plaintiff failed to submit either within the time period granted.    (Tr. 169, 183-221, 495-96, 522-24).

The Court finds the ALJ was not required to further analyze Plaintiff's untimely submitted post-hearing memorandum and the attached evidence.

4.    <u>**Conclusion**</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of August 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE